*SMITH v. GRABILL.*

*J. S. Reid*, for appellant.

*B. F. Claypool*, for appellee.

------------------◦◦◦------------------

## SMITH v. GRABILL.

Suit upon several promissory notes. Answer: that plaintiff's assignor, at the time of making the assignment of the notes sued on, took from plaintiff a written agreement not to enforce the collection of the notes assigned, until all had matured; that the last of said notes had not yet matured.

*Held*, that the assignment and delivery of the notes vested an absolute title thereto in the plaintiff, and this agreement, while it might bind him to his assignor and subject him to damages for its breach, could not make the transfer of the notes conditional, or furnish the defendant with a defense to the several notes as they matured.

Nov. Term, 1860.

SMITH
v.
GRABILL.

Monday, December 10.

APPEAL from the *Wayne* Common Pleas.

WORDEN, J.—Suit by *Grabill* against *Smith* upon three promissory notes made by *Smith* to one *Albaugh*, and by him indorsed to the plaintiff.

The defendant answered in four paragraphs, to the fourth of which a demurrer was sustained.

Trial by the Court; finding and judgment for the plaintiff.

The ruling of the Court upon the demurrer to the fourth paragraph of the answer is the only error assigned.

The paragraph, in question, alleges that, at the time of the assignment of the notes by *Albaugh* to the plaintiff, the plaintiff executed to *Albaugh* an agreement, which is set out, and is as follows: "The said *George Grabill* hath this day bought of the said *Albaugh* four notes of hand on *David Smith*, calling for ten hundred and fifty dollars, for which he gave, in exchange, one thousand dollars in notes on said *Albaugh*. The said *Grabill* hereby binds himself not to enforce the payment of the several notes until the last note is due; but if the said occupant of the said lands, upon which the notes are a lien for the purchase money, shall do or suffer any material damage to said premises or land, then, and in that case, the said obligation of forbearance on the part of the said *Grabill* shall be at an end," &c. It is averred that the "last note" is not yet due.

The note described as the "last note" is, we suppose, one not in suit, as the notes sued upon all appear to have been due before the suit was brought.

The appellant contends that the assignment of the notes was conditional, and that no complete and valid title thereto vested in the assignee until the condition was complied with by the maturity of the last note. We, however, do not arrive at such conclusion. The notes appear to have been regularly indorsed and delivered to the plaintiff, and thereby, as we think, the title thereto became completely vested in him. The plaintiff's agreement, not to enforce the collection of the notes until the last one should mature, might bind him to *Albaugh*, so as to subject him to damages for its breach, but it could not make the absolute transfer of the notes conditional, or furnish the defendant with a defense to the several notes as they matured, although the last one might not be due.

The demurrer was correctly sustained.

*Per Curiam.*—The judgment below is affirmed, with costs, and 5 per cent damages.

O. P. *Morton* and J. F. *Kibby*, for appellant.

M. *Wilson*, for appellee.